UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ELISA TURNER (1),<br><br>                             Defendant. | Case No.: 12cr286-MMA-1<br>*Related Case No.: 17cv2311-MMA-1*<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 436] |

On January 24, 2012, Defendant Elisa Turner was charged in a single-count Indictment with conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, section 841(a)(1) and 846. Defendant pleaded guilty as charged, and was sentenced to a 188-month term of imprisonment. *See* Doc. No. 353. Defendant now moves to vacate and correct her sentence pursuant to Title 28, section 2255, based upon the application of California Proposition 47, the Safe Neighborhoods and Schools Act, Cal. Penal Code § 1170.18, which enabled her to reclassify two California felony drug convictions to misdemeanors. *See* Doc. No. 436. For the reasons set forth below, the Court summarily **DISMISSES** Defendant's motion.

## DISCUSSION

Section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2255 Proceedings. Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

Defendant's motion is time-barred under Section 2255(f) and therefore subject to summary dismissal.[1] *See* 28 U.S.C. § 2255(f)(1) (one-year limitations period for filing a 2255 motion, which generally runs from the date on which the judgment of conviction became final). Defendant's claim also fails on the merits under *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016), "in which the Ninth Circuit held that Proposition 47 does not retroactively make a defendant's felony conviction a misdemeanor for purposes of federal law." *United States v. Vazcones*, No. 13cr3309-MMA, 2017 U.S. Dist. LEXIS 53937, at *7 (S.D. Cal. Apr. 7, 2017); *see also United States v. Menchaca*, 2017 U.S. Dist. LEXIS 16565, 2017 WL 475324, at *4-*5 (N.D. Cal. Feb. 6, 2017) ("Even if

---

[1] The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Here, a review of the record conclusively establishes that Defendant's motion is untimely, and she is not otherwise "entitled to relief." Therefore, an evidentiary hearing is neither warranted nor required.

2

defendant demonstrated that one of the predicate felony convictions underlying his career offender status was reduced to a misdemeanor under state law, the holding of *Diaz*, that reclassification pursuant to Proposition 47 does not apply retroactively for purposes of a federal sentencing enhancement, controls.").

### CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Defendant's motion. The Court **DECLINES** to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Clerk of Court is instructed to enter judgment accordingly in the related civil case.

**IT IS SO ORDERED**.

DATE: November 29, 2017

HON. MICHAEL M. ANELLO
United States District Judge